The next case for oral argument is Santos-Reyes v. Mukasey. Good morning, your honors. Randall Barnum. I represent the appellant, of course, Dr. Lourdes Santos-Reyes. And, your honor, basically there are many facts to support the appellant's claim for violation of the Rehabilitation Act of 1973. There's certainly facts, inferences to be drawn in the appellant's favor. More than sufficient to withstand summary judgment. In fact, in some respects, the facts are quite compelling. But can you help me with the timeline here? I mean, it was hard for me, obviously the timeline is somewhat complicated, but it seemed like your client alleged harassment in a, or she brought the, filed the formal union grievance, and then subsequently filed an EEOC or EEO claim. Right. And so that they found under the CSRA was the same matter, and so had been preempted by the union grievance. And then subsequent to that, so why, so the EEO claim at that point is out, or you're arguing that that was an error by the EEO determination? Well, the EEO complaint is one, excuse me, that she pursued throughout in a regular fashion. They dismissed it. They said, no, you made an election, you brought your internal grievance, and under the CSRA you can't do both. Right. So they dismissed it. Right. That's why we're here. And with regard to, there are two things to look at. One is with regard to the arbitration proceedings. Do you want me to address that or the MS? Well, I'm trying to understand our jurisdiction right now, my jurisdictional point. So the EEO claim was dismissed then when? That was in June 2004? That sounds correct. And then you didn't appeal that within the 90 days. So you had 30 days to appeal to the EEOC and 90 days to the district court, and it wasn't appealed within that time frame. So it seems like whatever the claim was that it wasn't the same matter and so that the EEO had made the wrong determination has now long gone. Why isn't that the case? Your Honor, I'm not sure of the time frame you're speaking of, but the timeliness has never been raised in this case with regard to, if you're talking about a statute of limitations issue. Well, it's raised now. Well, it's the timeliness. The EEOC matter was timely pursued at all steps of the process. What is the? Because when I look at the timeline, I guess I'm missing that. Right. Which time specifically, Your Honor, are you concerned about? The initial filing, just so we're on the same page, of the EEOC complaint was May 18, 2002. And that proceeded through every step of the process. But they dismissed it because you had already made an election to? Arbitrate. Arbitrate. So that seems. Then our remedy from that dismissal was to file, to appeal and file with the district court, which we did. But you didn't do that within the time frame that's set out in the statute. You didn't do that until several years later, right? No, I believe we. I'm going to have to get the record and straighten that out for you. I don't have that exact date for you, but it hasn't been raised before, the issue that you're posing. It's not raised in the appeal. Excuse me. It hasn't been raised in the respondent. Judge, Koter and I had the same problem. We don't understand. I mean, whether it was raised or not, it's there. And if you can't meet it, that's the end of it. No, I think the record. On your other one, Your Honor, you never pursued the merit system appeal, did you? That just faded. No. That was pursued to a point. Pursued? Where? Your Honor, if I could answer your question, it was pursued to a point. And then the ALJ suggested dismissal of it in light of other proceedings that were going on, recognized the fact that I can point to the record, the Respondent's supplemental as the decision of the ALJ and what was going on at the time with regard to the MSBP appeal. Well, I think your client asked for it to be dismissed without prejudice while you were looking at the possibility of retirement benefits. Isn't that what the decision by the board said? Yes. It's particularly on page of the supplemental record 0265. So it was dismissed without prejudice. So you pursue other possibilities. And then it was never raised again, and so there was never a judgment on that or a final determination. Your Honor, but what happened was they recognized, the ALJ specifically spoke to the fact that there was an EEO complaint ongoing and then dismissed this without prejudice. Certainly there was nothing to say to the claimant, we're dismissing this with prejudice to your EEO complaint, and if you don't bring it back to us, then you're out of luck. I mean, there's no discussion. In fact, just the opposite, there was a recognition of the fact that the EEO complaint was pending, was ongoing. And that is the path. In fact, that was the path that she started with regard to her administrative claim. She started that well in advance of the MSBP proceedings, continued on that path through every step through its conclusion, and then timely filed the civil lawsuit. So there was no ---- Were you having trouble seeing that? I mean, you brought the ---- First there was the arbitration and the EEO that was then, the EEO correctly said, you elected to do the internal grievance, so you can't do this. So they dismissed it. And when she was terminated, you brought the Merit System Protection Board action, and you had an election there since it was a mixed petition, and you didn't do the EEO route at that point. No, the EEO was still going on. That was never ended. What was going on? Because it was dismissed back in June. I guess I'm not understanding. It was dismissed in June 2004. June 13th it was dismissed, and then ---- It was appealed thereafter, and then the notice of conclusion of the appeal was received, and then this was timely filed within the final notice of the appeal. So, but to get back to your point, Your Honor, the EEOC proceedings just never stopped. What happened was subsequent to the termination, there was an initiation of MSBB proceedings. But that record indicates clearly that there was no decision, no testimony, no adjudication whatsoever of the EEOC issues which were pending at the time. In fact, again, a recognition of the fact that that is being handled by EEOC. This was dismissed without prejudice, and the claimant continued on thereafter with the EEOC process through its conclusion. And the fact is that those were the wheels she put in motion first with the EEOC complaint. And, again, there was nothing ---- there should be nothing to prejudice that just because she happened to, for a temporary period of time, go to MSBB, which was dismissed without prejudice. So ---- Well, let's get back to Judge Walker's decision. He says she chose the grievance procedure, and that's the end of it. Well, it can't be, Your Honor. I think factually it simply can't be. And Judge Juan speaks of having multiple bites of the apple. If the arbitration procedure, just to look at the factual nexus or the factual scenarios going on at that time, it had nothing to do with discrimination at all or disability discrimination? Well, the facts are just essentially the same. She's badly treated. She's discriminated against. What's the difference? Well, Your Honor, it makes a big difference if you're being harassed and treated negatively versus being actually terminated. When she was terminated in November of 2003, that was after the retained jurisdiction period specified in the arbitrator's order. So ---- And so at that point there was another election came up, which was to either go to the board or to bring an EO claim at that point, because of it under the CSRA, again, this mixed petition issue. The election was made to go with the Merit System Protection Board, and then that eliminates your EEO action under 7702, I think it is. Well, I don't think it eliminates it, Your Honor, because no one ---- The next case may be filed as a complaint with the agency's EEO department or as an MSPB appeal, but not both. And that's under, I guess, 29 CFR 1614.302B. But that's a situation, I think, where nothing is pending yet. Let's assume she hadn't started the EOC complaint. She had a real election. But the only thing was a year after the EEO dismissed your complaint, the EEO complaint, because of the internal grievance, a year after that you appealed the dismissal of the EEO complaint for discrimination. Well, it was not quite a year. And then the EEO says, you know, you're out of time, because you had to bring that appeal within 30 days. So the only thing that was on appeal before the EEO was the question of whether you were too late to appeal. I don't see how that preserves the EEO process for you. Again, I think the election that you're talking about relative to the termination, again, it could not have been adjudicated as part of the arbitration procedures, because that fact did not yet exist. And that was beyond the retained jurisdiction time. The termination. But for the termination, you had brought the Merit System Protection Board action. That's correct. But at that point, the EEOC proceedings were still in play. But what was in play? It was just the appeal of your untimeliness. Well, I don't think it's contemplated that when you have continuing acts of discrimination. In fact, this is one of the problems that the plaintiff had in the Vinod Rados case that is cited, where you file multiple complaints, multiple EEOC complaints with regard to every single act. And that's not what's contemplated. In fact, the EEOC counselors would be inundated with doing paperwork if that's what's contemplated. There was no need to file another complaint, because it was already filed and it was on the normal step of processing. So there's nothing in the law that requires, if it's already ongoing. In fact, to require it, again, creates this morass of paperwork. That's simply not necessary. So she already had this in place, so she's really not making an election. When she's terminating, she is saying, here's another fact that needs to be considered with regard to my already filed EEOC disability complaint. So it's not the election situation. And even when she went to MSPP temporarily, it's clear there was absolutely nothing adjudicated there having to do with disability. And that was discussed specifically by the ALJ. And to prejudice her, to prevent her, on the notion that she was not complying with administrative remedies really is, I think, is not consistent with the spirit of the need to comply with administrative remedies. This is someone who diligently did so and didn't interrupt it, did not abandon those proceedings whatsoever. All she did is temporarily go to MSPP, and that was dismissed without prejudice temporarily. Do you want to reserve some time? Yeah, I think I need to look that up for you and keep my last two minutes. Thank you, Ryan. May it please the Court, Andrew Chang with the U.S. Attorney's Office for the Federal Appellee. Your Honors, at the mention of the last event in the administrative exhaustion process, what I had down was August 3, 2005 was when the OFO denied Dr. Santos Reyes' appeal because of a dismissal of the complaint based on untimely filing. I didn't raise the possibility that that by itself would mean that it's time-barred. We thought that that had preserved her arguments from below, and the 90 days were triggered from that day forward. Our argument is that the judgment of the lower court should be affirmed because it is clear Dr. Santos Reyes raised her claim in three different forms, starting with the grievance process that was never exhausted. The arbitrator had jurisdiction for 21 months. That would take it all the way to October 31, 2003. So the only claim that would not be covered by the arbitration process would be the termination claim because she was terminated as of November 6, 2003, but that's covered by the MSPB hearing, which needed to be exhausted. Why did the union arbitration proceeding bar her from proceeding with the EEO when there was a final order issued? The fact that he reserved jurisdiction didn't mean it wasn't final. So there was a final order that the warden had to tell people to give to treat her fairly. Your Honor, even though it's a final order, the mere fact that he retained jurisdiction suggests that a similar or same claim, which in this case is a claim of disability harassment by the same supervisor, Dr. Izaz, would be amenable to being sent back to that same process. Well, following that kind of a procedure, don't we have a situation, say, for example, in injunctions where there is a final order, there is an injunction, but that jurisdiction is reserved there, it means it ended with the order on the injunction, just like this ended with the order requiring the warden to take certain actions. It's slightly different in our view, Your Honor, because the entire purpose of the administrative exhaustion process is to allow the agency to address the matter before it reached the federal district court, either through the grievance process or through the statutory process or through the MSPB. And they simply can't do that if they're not given the opportunity to readdress a same matter. And other circuits, notably the Federal Circuit, D.C. Circuit, and the Tenth Circuit, I believe, have found that the same matter means the underlying locus of facts, not the same legal theory. Your sole argument, really, then, is based upon the fact that the arbitrator reserved jurisdiction? Yes, but it's also based on the statutory scheme of once you have elected the remedy, you're required to take that remedy through completion. And if the arbitrator has the ability to address any further actions, we would argue that that does not constitute taking the remedy to completion. Even though there was an order to the warden? Well, the order to the warden was treat Dr. Santos-Reyes fairly, sort of vague, but at the same time it certainly contemplates that any further actions involving Dr. Izaas, it might be different if it were a different supervisor who conducted. But the arbitrator didn't say that. He said the warden had to do this. He didn't say anything further, that something or other, something or other, will be brought back to me. He just said I reserved jurisdiction. But jurisdiction, presumably, to deal with any other ongoing problems. Otherwise, there would be no basis to hold jurisdiction. So is the question before us then whether the EEO was wrong in its dismissal of the claim, saying on the grounds that it was the same matter? So, in other words, should we be looking at whether the EEO's determination of whether the discrimination claim raised to the EEO was the same as what was based on the same facts as what was before the arbitrator? Your Honor, I think that what is required is to interpret 29 CFR 1614.301A, which talks about the same matter. And if you deem a disability harassment claim to be a same matter as a vague allegation of harassment by Dr. Izaas, then that is encompassed under that regulation. She was required then to have elected that particular remedy, to have exhausted that remedy before pursuing the EEO claim. Now, can you explain why that's preserved for us? Again, I was still twerking on this timeline because the way I see it, the EEO made its determination on that issue back in June, and it wasn't until March that an appeal was made possibly raising that issue, and all the OFO said at that point was it's untimely filed, which is presumably correct since the statute says, you know, 30 days. How does that preserve the issue that was raised or decided by the EEO? It might not. It might not. I had not considered that point. What I had considered, though, was the final event was August 3, 2005. If it's only preserving it as to appealability of timeliness, then perhaps the merits have been waived, and then we don't have a matter before this Court. So you don't know of any statutes or regs or precedents that would say that the March 21, 2005, appeal of the dismissal of her EEO complaint, which was obviously way out of time, nevertheless preserved those underlying claims because the EEO then said, no, you're out of time? I don't know one way or the other the effect on the merits, and so I'm proceeding as if the main argument before this Court is which forum, the exhaustion of the appropriate forums below, and we maintain that when you look at the claims there's also an issue as to what has been preserved for appeal because the district court said it's the sixth and the seventh claim, but when you look closely at the oral argument, it seems to be that the fifth and sixth claims were the ones that were really preserved, the disability discrimination claims, not the retaliation claim. If we look at the same matter, at the merits of that question, that issue, what test are you recommending that the Ninth Circuit would adopt to look at that? Because I don't believe we have a case that directly addresses that. We're asking this Court to follow the precedent of the tenth, the federal, the D.C., and the sixth circuit, who have all defined the same matter to mean the underlying employment action, the locus of the facts, not the particular legal theory. Judge Walker alludes to that in his opinion as well, that it doesn't make sense to allow claim splitting, that in fact what you're looking at is it would be a different situation if we were talking about a different supervisor conducting another level of harassment. That's not the case here. We're talking about a different legal theory under which it's alleged that now it's disability rather than just general harassment, and we believe that that's encompassed under the appropriate regulation. If you failed to raise what you have, the timeliness issue, would you avoid that? No, Your Honor. Why not? We believe that it would be a subject matter jurisdiction issue. Is it a jurisdictional matter? I haven't given much consideration to that issue, but I believe it would be jurisdictional. You don't know why, huh? I'm not exactly sure. It seems to me you've waived it, but I guess you can't waive jurisdiction, but I'm not sure that's jurisdictional. It seems to me to just be a timeless matter. Okay. Well, we believe that the appropriate jurisdictional issue is one of exhaustion in terms of the failure to complete the grievance process and the failure to complete the MSBB process. I can talk about the merits if you'd like. I don't know whether you have questions with that regard. The merits of what? Assuming that the exhaustion were appropriate, that somehow this was not barred by the election of remedy. I can talk about the underlying reasons why the Rehabilitation Act claim and the Disability Harassment Claim don't present issues on appeal. Could you also address Dr. Sanders-Reyes argues that even if she hasn't exhausted, she's entitled to equitable relief because she received incorrect information from the EEOC? Certainly. First of all, the letter that is cited for that basis actually tells her that you're required to pick one form. So we believe that the information was correct. Second, there wasn't anything in the record to indicate any reliance on that letter in her subsequent actions. And third, this was not raised at the lower court level, so we believe it's being brought for the first time on appeal. If you look at the opposition to summary judgment motion, if you look at Dr. Sanders-Reyes' declaration, there's nothing to indicate that there was any reliance on any letter or advice by BOP in determining her litigation strategy. What she did was at the completion of the arbitration, she immediately filed two months later an EEO complaint. Immediately upon her termination, she immediately proceeded to the MSPB. These were litigation decisions that she chose to make, and certainly BOP did not tell her to do any of these things. Okay. Unless the Court has any further questions, we'd ask for you to defer. Thank you. Just a couple minutes I've got, Your Honors. Thank you. I don't think there's anything in the law that allows the issue of the timeliness of the underlying proceedings to be raised at this point, since it wasn't part of the underlying motion. Well, let's assume that the government waived it. Your termination complaint goes to the Merit Systems Board. Is that correct?  That's one of the things. That's right. It was never pursued. It was pursued to a point, and it was dismissed without prejudice for the reasons stated. But it's not before us. Is that right? It's not before you in that sense, yes. I mean, it's somewhere. I don't know if you can revive it or not, but it's not here. What's before you in the record is the decisions from the ALJ explaining the dismissal. That is in the record, and I could point that out to you if you'd like. But you did not pursue it further with the Merit Systems Board. That's right. There was not an adjudication. There was not a refiling. You're correct. So that seems to me to take the termination claim out of this proceeding, and you're left with beginning, you say, well, it was unfair treatment, and you say, well, that was really discrimination. It's very hard to see those facts as very different. Well, what we're saying is the what's before you is whether there are tribal issues of fact that pertaining to claims raised in the EEOC claim. And that was followed through to the conclusion of those through the dismissal, and then we filed the complaint 90 days after that. And for the reasons we stated, these claims should not be subsumed within either the facts supporting some of these claims did not even occur yet and occurred after the retained jurisdiction period. What test are you recommending we adopt under which for determining whether it's the same matter or not that was raised with the EEO? The opposing counsel says the test in the 10th Federal and D.C. Circuit, the underlying employment action. What test are you recommending that we use to examine? I missed the second word you said. What? I'm sorry? I missed the second word you said, Your Honor. I'm sorry. What test are you recommending? Well, I think there's not a specific test. I think the test, as I see articulated, is whether it comes within the same operative facts or works to that effect. And which is why it seems clear that the claim to the extent it rises out of the facts, because she was terminated while she was on this disability leave, within two months of it expiring, clearly were facts that could not have been within the operative facts of what went before the arbitrator, because those occurred much later. They are within the operative facts of the EEOC complaint, because what was complained about there and there only in the administrative proceedings was her claim for disability discrimination. That's the only administrative claim that mentions and is based on disability discrimination. So it's not part of and was not simply not part of the MSVP proceedings. It was simply not part of the arbitration proceedings. And she did pursue that with diligence. And to say, well, she's out of luck because she pursued that and didn't mention disability discrimination in the others, I think is not within the spirit of the purpose of these arbitrations, excuse me, these administrative proceedings. You're over time in response to my question, so I appreciate it. Thank you. Okay. Sanchez-Reyes v. Mukasey is submitted.
judges: Hug, Noonan, Ikuta